UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 5:25-cv-03058-JAK-KES | Date: November 24, 2025 |

Title: Anderson v. Patino-Sanchez, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None Present | None Present |

| | |
|---|---|
| PROCEEDINGS (IN CHAMBERS): | Order to Show Cause Why Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Dkt. 3) Should Not Be Denied |

    This Court orders Plaintiff Broque Anthony Anderson ("Plaintiff") to show cause why his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") in Case No. 5:25-cv-03058-JAK-KES should not be denied due to (1) inconsistencies in Plaintiff's responses on the IFP application form and/or (2) having more than three strikes under the Prison Litigation Reform Act of 1995 ("PLRA").

## I.     BACKGROUND

    On November 14, 2025, the Court received the following documents from Plaintiff: (1) a <u>pro</u> <u>se</u> civil rights complaint; (2) a request for the Court Clerk to issue a summons in this case, (3) a request to proceed IFP using Form CV-60, and (4) a notice of interested parties. (Dkt. 1, 2, 3, 4.)  The caption of Plaintiff's complaint is "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners)," and Plaintiff has provided two mailing addresses: one appears to be an apartment complex in Corona, California, while the other is the location of the Larry D. Smith Correctional Facility in Banning, California.  (Dkt. 1 at 1-2.)  The complaint alleges a Fourth Amendment claim against officers of the Corona Police Department who searched Plaintiff's person and property during an incident that occurred in the early morning hours of February 9, 2025.  (<u>Id.</u> at 4, 6.)  It also alleges a Fourteenth Amendment due process violation based on the fact of his detention.  (<u>Id.</u> at 7.)  In an attached writing, Plaintiff requests additional copies of the civil complaint form and cover sheet.  (<u>Id.</u> at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 5:25-cv-03058-JAK-KES | Date: November 24, 2025 |
| | Page 2 |

In his IFP application, using the form typically reserved for non-prisoners, Plaintiff states that he is currently employed with PARS-LLC[1] and Eighth Network Global. (Dkt. 3 at 1.) In a letter from Plaintiff to the Court, dated September 29, 2025, he represents that he is the owner of these companies. (Case No. 5:24-01869-JAK-KES, Dkt. 9 at 1.) He states, "I am the owner of PARS-LLC and Eighth Network Global. I provide carrier services, network services, ethernet services, collocative services and ai [sic] platform services to 50+ countries' governments." (Id.) However, in his IFP application, Plaintiff has crossed off the box for "No" when asked if he has received any money in the last twelve months from any "[b]usiness, profession, or form of self-employment." (Case No. 5:25-cv-03058-JAK-KES, Dkt. 3 at 1.) He states that information regarding his wages and income "are unavailable and inaccessible at the moment." (Id.) Likewise, Plaintiff reports that he has cash or money in a bank account, as well as real estate, stocks, bonds, notes, automobiles, or other valuable property, but he maintains that information relating to those assets is "unavailable." (Id. at 2.) Plaintiff represents that his 2023-2024 Income Tax Return reflected income of approximately $500,000. (Id.) For his average monthly expenses, he has written "N/A" in each box. (Id.) Plaintiff signed the form in Riverside County and specified that he was in the city of Banning, which the Court takes to mean he signed while in custody at the Larry D. Smith Correctional Facility. (Id.)

## II.    DEFICIENCIES

There are two primary deficiencies in Plaintiff's IFP application. The first has to do with Plaintiff's responses on the form. The second relates to the PLRA. Each will be discussed in turn.

### A.    **Plaintiff's Responses on the IFP Application Are Inconsistent.**

"Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP." Marinkovic v. Cockerham, No. 3:23-cv-01279-BAS-JLB, 2024 WL 2880587, at *1, 2024 U.S. Dist. LEXIS 85356, at *2-3 (S.D. Cal. May 9, 2024). Section 1915 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all [their] assets . . . [clarifying] that the person is unable to pay such fees or give [such] security . . . .

28 U.S.C. § 1915(a)(1). Proceeding IFP is "a matter of privilege and not [a] right." Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984). Accordingly, IFP status should only be granted in exceptional circumstances where "one cannot because of his poverty pay or give security for costs and still be able to provide himself and dependents with the necessaries of life." Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960); United States v. McQuade, 647 F.2d 938,

---

[1] The address provided by Plaintiff for PARS-LLC is the same as his residential mailing address in Corona. (Compare Dkt. 1 at 1-2, with Dkt. 3 at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---:|
| Case No. 5:25-cv-03058-JAK-KES | Date: November 24, 2025 |
| | Page 3 |

940 (9th Cir. 1981); Adkins v. E.I. DuPont de Nemour & Co., 335 U.S. 331, 339 (1948) (citation modified). It is within the district court's discretion to deny IFP when an applicant is "unable, or unwilling, to verify their poverty." McQuade, 647 F.2d at 940; see also Strojnik v. Panera Bread, No. 1:22-cv-00682-JLT-BAK, 2022 WL 2609456, at *3, 2022 U.S. Dist. LEXIS 122284, at *6 (E.D. Cal. July 8, 2022) ("The Court is not required to blindly accept information provided [by] an IFP applicant and may consider factors such as identified inconsistencies, incomplete information, and economic priorities.").

Here, Plaintiff has not alleged a lack of financial resources but rather a lack of *access* to his financial resources, which is not a sufficient ground on which the Court may grant IFP status. Similarly, it is not enough for Plaintiff to merely state that the requested financial information is "not available." Plaintiff must actually answer the questions to the best of his knowledge if he wants the Court to grant IFP in this case.

Furthermore, Plaintiff's apparent lack of access to his own financial records leads the Court to wonder whether he is currently incarcerated at the Larry D. Smith Correctional Facility despite the fact that Plaintiff represented to this Court through his complaint and IFP application that he is not in custody. Accordingly, the Court will request that Plaintiff respond to this order, in part, by confirming his current mailing address and explaining why he previously listed two addresses, whether he was in custody when he filed this action and, if so, whether he is still in custody.

### B. Plaintiff's IFP Application May Be Denied Because He Has at Least Four Strikes.

The PLRA prevents prisoners from proceeding IFP when, on three or more prior occasions, "the prisoner has . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is known as the PLRA's three-strikes rule. Once the plaintiff has accumulated three "strikes," he can no longer be granted IFP status, unless the facts alleged in the complaint show that he is in "imminent danger of serious physical injury." Id.; see Andrews v. Cervantes, 493 F.3d 1047, 1056 (9th Cir. 2007) (noting that the imminent danger must also be "ongoing"). This law, of course, only applies to prisoners, and specifically to plaintiffs who are imprisoned at the time the action is filed, meaning that if a plaintiff is not in custody when he initiates a lawsuit, he will not be subject to the PLRA's three-strikes provision. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[O]nly individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of the PLRA.").

The Court takes judicial notice of the dismissal order in the following four cases:

- Anderson v. WVDC Rancho Cucamonga Sheriff's Dep't, et al., 5:22-cv-00377-JAK-KES (dismissed as frivolous during PLRA screening) (Attachment 1)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:25-cv-03058-JAK-KES          Date: November 24, 2025
                                        Page 4

- <u>Anderson v. Loma Linda Police Dep't</u>, at al, 5:22-cv-01013-JAK-KES (dismissed as frivolous during PLRA screening) (Attachment 2)

- <u>Anderson v. Rancho Cucamonga Sheriff's Dep't, et al.</u>, 0:2022pr56123 (dismissed as frivolous on appeal) (Attachment 3)

- <u>Anderson v. Santana, et al.</u>, 0:2023pr01700 (dismissed as frivolous on appeal) (Attachment 4)

From these orders, it appears that Plaintiff has commenced four cases and/or appeals while in custody, each ending with a dismissal for being frivolous. Each constitutes a strike under the PLRA. If Plaintiff has four strikes, he cannot initiate a new lawsuit, i.e., the present action, without first pre-paying the filing fee.

Plaintiff is therefore ORDERED, on or before **December 24, 2025**, to show cause why his application for IFP status should not be denied. Specifically, the Court requests that Plaintiff do the following:

(1) Specify his present mailing address and explain why he previously listed two addresses, whether he was in custody when he filed this action and, if so, whether he is still in custody (and if Plaintiff still desires copies of the complaint and cover sheet, then the Court will mail him the requested items at the proper mailing address);

(2) Either fill out Form CV-60 for non-prisoners or Form CV-60P for prisoners, and mail the updated and complete form (with trust account statement attached, if Plaintiff is a prisoner) to the Court as an amended IFP application by December 21, 2025 (make sure to include Case No. 5:25-cv-03058-JAK-KES on all legal paperwork in this case); and

(3) Specify whether he was in custody at the time he commenced this case, and if so, explain why the complaint should not be dismissed under the PLRA's three-strikes rule.

It is so ordered.

                                        Initials of Deputy Clerk <u>jd</u>


cc:     Broque Anthony Anderson
        1627 S. Hargrave Street
        Banning, CA 92220-6169

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| Broque Anthony Anderson, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 5:22-cv-00377-JAK-KES |
| v. | JS-6 |
| WVDC Rancho Cucamonga Sherriff's Department, et al., | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                                  United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ Legally and/or factually patently frivolous
- ☐ Other: _____
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to _____

Comments:
Please see attachment.

March 7, 2022                              /s/ Hon. Karen E. Scott
Date                                                  United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
  - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - ☒ This case is hereby DISMISSED immediately.
  - ☐ This case is hereby REMANDED to state court.

March 8, 2022                              _____
Date                                                  United States District Judge

CV-73 (08/16)                ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

**ATTACHMENT RECOMMENDING DENIAL OF
REQUEST TO PROCEED IN FORMA PAUPERIS ("IFP")**

Broque A. Anderson v. WVDC Rancho Cucamonga Sherriff's Dept., et al.
Case No. 5:22-cv-00377-JAK-KES

  On February 25, 2022, Plaintiff Broque A. Anderson ("Plaintiff"), an inmate at West Valley Detention Center ("WVDC"), filed a pro se civil rights complaint with an application to proceed IFP. (Dkt. 1 ["Complaint"]; Dkt. 2 ["Application"].) District courts must deny IPF applications if the Complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). For the reasons stated below, Plaintiff's Complaint fails to state a claim on which relief may be granted. The Court therefore recommends that the Application be denied and the Complaint be dismissed without leave to amend.

**I. DISCUSSION**

  **A. Summary of Plaintiff's Allegations.**

  The Complaint identifies four Defendants, three of whom are WVDC staff members: (1) "Seargant [sic] Doe;" (2) "Deputy Doe #1;" and (3) "Deputy Doe #2." (Complaint at 5.) Each individual Defendant is sued in both their individual and official capacities. (Id.) The remaining Defendant, identified only in the caption of the Complaint, is the "Rancho Cucamonga Sheriff's Department" which the Court liberally construes as an intended reference to the San Bernardino County Sheriff's Department ("SBSD"), the entity that runs the WVDC. (Id. at 1.)

  The Complaint alleges that Plaintiff is assigned to Unit 4, Segment 8E, on the bottom "rack" of bunk 47 at WVDC. Plaintiff routinely keeps his "mail and legal documents . . . arranged in a stack on the top right-hand corner of the bunk." On January 23, 2022, Plaintiff was escorted away from his cell, and Deputy Does #1 and #2, supervised by Sargent Doe, conducted a "miscellaneous search" of Plaintiff's cell. When Plaintiff returned to his cell, he noticed that his "mail and legal paperwork" was missing. Plaintiff believes that Defendants took Plaintiff's documents. (Id. at 7)

  Plaintiff filed a grievance claiming, "My legal paperwork was accessed without my knowledge and property was taken from me without my knowledge." WVDC found the grievance "not sustained." Plaintiff appealed, but WVDC affirmed, stating that "after reviewing the video of the date and time [Plaintiff] indicated, at no time did a deputy enter [Plaintiff's] segment and search [his] bunk area." Plaintiff appealed again, and WVDC rejected Plaintiff's grievance once more, finding that its "original investigation and findings were detailed and appropriate." (Id. at 3-4.)

  Based on these facts, the Complaint alleges that Defendants are liable under 42 U.S.C. § 1983 for violating Plaintiff's (1) Fourth Amendment right to be free from unreasonable search and seizure and (2) Fourteenth Amendment right not to be deprived of property without due process.

Attachment to Recommendation to Deny IFP Application
Case # 8:22-cv-00002-JLS-KES

    **B.**    <u>**The Complaint Fails to State a Claim.**</u>

Allegations that any Defendant unreasonably searched Plaintiff's cell or negligently or intentionally took Plaintiff's "mail and legal paperwork" do not give rise to a claim under either the Fourth or Fourteenth Amendments.

<u>First</u>, prisoners and pre-trial detainees have no right of privacy in a prison cell that would entitle them to protection under the Fourth Amendment against unreasonable searches, and prisoners cannot raise a claim under the Fourth Amendment arising from the seizure or destruction of their property. <u>Hudson v. Palmer</u>, <u>468 U.S. 517, 525-26</u>, <u>528</u> n.8 (1984) ("holding that the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell"); <u>Bell v. Wolfish</u>, <u>441 U.S. 520, 556-57</u> (1979) (applying similar Fourth Amendment analysis to pre-trial detainees); <u>Mitchell v. Dupnik</u>, <u>75 F.3d 517, 522</u> (9th Cir. 1996) (holding that pretrial detainees have no reasonable expectation of privacy in cells).

<u>Second</u>, Plaintiff's allegations that Defendants deprived him of personal property without due process are insufficient to state a claim, because Plaintiff has an adequate remedy under state law. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." <u>Hudson</u>, <u>468 U.S. at 533</u>.

The Ninth Circuit has expressly held that California law provides an adequate post-deprivation remedy in the form of prison grievances or tort claims against public officials. <u>See</u> <u>Wright v. Riveland</u>, <u>219 F.3d 905, 918</u> (9th Cir. 2000) (identifying "the established prison grievance procedure" as an adequate post-deprivation remedy); <u>Barnett v. Centoni</u>, <u>31 F.3d 813, 816-17</u> (9th Cir. 1994) (citing <u>Cal. Gov't Code §§ 810-895</u> as providing inmates an adequate post-deprivation remedy). Numerous district courts have followed these authorities to dismiss due process claims like Plaintiff's. <u>See, e.g.</u>, <u>Stribling v. Wilson</u>, <u>770 F. App'x. 829, 830</u> (9th Cir.) (dismissing claims that a prisoner was wrongfully deprived of personal property and noting that California law provides an adequate post-deprivation remedy).

    **C.**    <u>**Leave to Amend Would Be Futile.**</u>

The Court is mindful that leave to amend should be liberally granted to <u>pro se</u> litigants. <u>See</u> <u>Fed. R. Civ. P. 15(a)</u>; <u>Ramirez v. Galaza</u>, <u>334 F.3d 850, 861</u> (9th Cir. 2003). In this case, however, Plaintiff cannot plead additional facts that would show entitlement to relief under the Fourth or Fourteenth Amendment for the search of his cell and loss of property.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| BROQUE ANTHONY ANDERSON,<br><br>PLAINTIFF(S)<br><br>v.<br><br>LOMA LINDA POLICE DEPARTMENT, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>5:22-cv-01013-JAK-KES<br><br>ORDER RE REQUEST TO PROCEED<br>*IN FORMA PAUPERIS* |
|---|---|

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____    _____
Date    United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ Legally and/or factually patently frivolous
- ☐ Other: _____
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to _____

Comments:
Please see attachment.

June 24, 2022    /s/ Hon. Karen E. Scott
Date    United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
    - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
    - ☒ This case is hereby DISMISSED immediately.
    - ☐ This case is hereby REMANDED to state court.

June 24, 2022    _____
Date    United States District Judge

CV-73 (08/16)    **ORDER RE REQUEST TO PROCEED** *IN FORMA PAUPERIS*

# ATTACHMENT RECOMMENDING DENIAL OF
# REQUEST TO PROCEED IN FORMA PAUPERIS ("IFP")

Broque Anthony Anderson v. Loma Linda Police Department, et al.
Case No. 5:22-cv-01013-JAK-KES

On June 17, 2022, Plaintiff Broque Anthony Anderson ("Plaintiff"), a detainee at West Valley Detention Center ("WVDC"), filed a pro se civil rights complaint under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), with an application to proceed IFP. (Dkts. 1, 2.) District courts must deny IPF applications if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

For the reasons stated below, Plaintiff's complaint fails to state a claim on which relief may be granted. The Court therefore recommends that the IFP Application be denied and the Complaint be dismissed.

## I. DISCUSSION

### A. Summary of Plaintiff's Allegations.

The Complaint alleges that, in March 2021, Plaintiff and his mother rented a room for two weeks at the Holiday Inn Hotel in Loma Linda, California. During his stay, Plaintiff went to the hotel's computer room to work on his "civil filings." The computer room was locked from the inside and required a hotel key card to access. Around 10:30 p.m., Defendants Ramos, Olivares, and Alcala (members of the San Bernardino County Sheriff's Department)[1] arrived at the hotel and "demanded" that Plaintiff allow them entry into the computer room. After Defendants were granted access, they asked Plaintiff whether he consented to a search. Plaintiff declined. Defendants searched Plaintiff anyway and asked Plaintiff what he was doing at the hotel. Plaintiff explained that he had paid for a room and that he had already been there for about a week. (Dkt. 1 at 5-6.)

Plaintiff was not told by hotel staff or Defendants that he was trespassing or that he needed to leave the hotel or computer room. Defendants escorted Plaintiff from the hotel, anyway, and they handcuffed and searched Plaintiff again before placing him in a police car. Plaintiff asked if he was under arrest, but Defendants did not respond. Defendants then drove Plaintiff to WVDC, where he was charged with trespassing in violation of California Penal Code section 602. Plaintiff was detained at WVDC for 4 days before being released. (Id.)

Based on these allegations, Plaintiff sues Defendants under Bivens, 403 U.S. 388, for violation of his Fourth Amendment right to be free from unreasonable search and seizure, and his Fourteenth Amendment rights under the Due Process Clause and Equal Protection Clause. (Id. at 5.)

---

[1] Plaintiff erroneously identifies Defendants as members of the Loma Linda Police Department, but the city of Loma Linda does not have a police department. Instead, the city contracts with the San Bernardino Sheriff's Department for police services.
See https://www.lomalinda-ca.gov/services/police_department.

Attachment to Recommendation to Deny IFP Application
Case # 5:22-cv-01013-JAK-KES

**B.     Plaintiff Improperly Brings this Action Under <u>Bivens</u>.**

<u>Bivens</u> only applies to federal actors, so Plaintiff cannot bring a <u>Bivens</u> claim against the Defendants because they are members of County law enforcement.  See <u>Bivens</u>, 403 U.S. at 389 (for a <u>Bivens</u> action, plaintiff must plead and prove that a federal officer acted under color of federal law during the alleged deprivation of a constitutional or federally protected right); <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>.").  The complaint should, therefore, be dismissed immediately.

**C.     Additional Pleading Defects.**

   1.     <u>Due Process.</u>

The Due Process Clause of Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law[.]"  U.S. CONST., amend. XIV. "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process."  <u>Portman v. Cty. of Santa Clara</u>, 995 F.2d 898, 904 (9th Cir. 1993).  Plaintiff does not identify what liberty or property interest is implicated, how Defendants deprived him of such interest, or what process (or lack thereof) he received or should have received.

   2.     <u>Equal Protection.</u>

To state a claim under section 1983 for a violation of the Equal Protection Clause, a plaintiff "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class," and that plaintiff was treated differently from persons similarly situated.  See <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir.1998); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668 (9th Cir.2001); see also <u>Washington v. Davis</u>, 426 U.S. 229, 239–40 (1976).

Plaintiff must allege four separate elements: (1) that he was treated differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) that Defendants acted with discriminatory intent in applying this classification; and (4) Plaintiff suffered injury as a result of the discriminatory classification.  See, e.g., <u>Pers. Adm'r of Mass. v. Feeney</u>, 442 U.S. 256, 279 (1979); see also <u>T.A. ex rel. Amador v. McSwain Union Elementary Sch. Dist.</u>, 2009 WL 1748793 (E.D.Cal.2009).  Plaintiff does not allege to what protected class he belongs or how Defendants discriminated against him based on that class.

**I.     CONCLUSION**

For the foregoing reasons, Plaintiff's IFP application should be denied and the complaint should be dismissed immediately.

2

**FILED**

**JUN 29 2023**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BROQUE ANTHONY ANDERSON, | No. 22-56123 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-02170-JAK-KES Central District of California, Riverside |
| v. | |
| RANCHO CUCAMONGA SHERIFF'S DEPARTMENT; et al., | ORDER |
| Defendants-Appellees. | |

Before: SILVERMAN, R. NELSON, and BUMATAY, Circuit Judges.

The district court certified that this appeal is not taken in good faith and revoked appellant's in forma pauperis status. *See* 28 U.S.C. § 1915(a). On January 19, 2023, the court ordered appellant to explain in writing why this appeal should not be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2) (court shall dismiss case at any time, if court determines it is frivolous or malicious).

Upon a review of the record, the opening brief, and the response to the court's January 19, 2023 order, we conclude this appeal is frivolous. The district court properly dismissed the action without prejudice, rather than staying proceedings. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (a dismissal based on *Heck v. Humphrey* must be without prejudice so that plaintiff can reassert claims if he ever succeeds in invalidating his conviction,

OSA161

and claims do not accrue until conviction is invalidated). We therefore deny appellant's motions to proceed in forma pauperis (Docket Entry Nos. 10 and 12) and dismiss this appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).

No further filings will be entertained in this closed case.

**DISMISSED.**

FILED

MAR 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BROQUE ANTHONY ANDERSON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GABRIEL SANTANA; et al., <br><br> Defendants - Appellees. | No. 23-1700 <br><br> D.C. No. 5:22-cv-02023-JAK-KES <br> Central District of California, Riverside <br><br> ORDER |

Before: FRIEDLAND, VANDYKE, and MENDOZA, Circuit Judges.

The district court certified that this appeal is not taken in good faith and revoked leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). On August 14, 2023, the court ordered appellant to explain in writing why this appeal should not be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2) (court shall dismiss case at any time, if court determines it is frivolous or malicious).

Upon a review of the record and the opening brief, we conclude this appeal is frivolous. We therefore deny appellant's motion to proceed in forma pauperis (Docket Entry No. 4) and dismiss this appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).

No further filings will be entertained in this closed case.

**DISMISSED.**